IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LA'MEIA SOLOMON, )<br>    )<br>  Plaintiff, )<br>    )<br>v. )<br>    )<br>DENIS MCDONOUGH, Secretary, )<br>U.S. Department of Veterans Affairs, )<br>    )<br>  Defendant. ) | CIV-22-359-SLP |

**O R D E R**

Before the Court is Defendant Denis McDonough's Motion to Dismiss Plaintiff's Complaint [Doc. No. 12-1]. Plaintiff has responded [Doc. No. 25] and Defendant did not file a reply. The matter is fully briefed and ready for determination.

**I.   Introduction**

Plaintiff originally filed this action in the United States District Court for the District of Columbia. Compl. [Doc. No. 1] at 1.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant's Motion to Dismiss asserted the District of Columbia was an improper venue under 42 U.S.C. § 2000e-5(f)(3). Mot. [Doc. No. 12-1] at 8, 10-13. Plaintiff thereafter filed a Consent Motion to Transfer Venue, [Doc. No. 14], reflecting the parties' agreement to transfer the case to the United States District Court for the Western District of Oklahoma. On Aril 22, 2022, Judge Amit P. Mehta in the United States District Court for the District of Columbia entered an Order transferring the case [Doc. No. 15].

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

In Count One of the Complaint, Plaintiff alleges racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  Compl. [Doc. No. 1] at 11.  In Count Two, Plaintiff alleges "disability discrimination and failure to accommodate" in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.  *Id*. at 13.  Defendant moves for dismissal of Count One, asserting Plaintiff has failed to state a claim for racial discrimination under Federal Rule of Civil Procedure 12(b)(6).  Mot. [Doc. No. 12-1] at 13-19.  In Response, Plaintiff asserts she has sufficiently alleged a plausible claim for racial discrimination.  Resp. [Doc. No. 25] at 3-8.  Defendant does not move for dismissal of Count Two, therefore only Count One is at issue.

**II.    Governing Standard**

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  But "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting

*Twombly*, 550 U.S. at 555). "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

### III. <u>Factual Allegations of the Complaint</u>[2]

Plaintiff was employed as a GS-09 Budget Analyst in the Oklahoma Veterans Affairs Health Care System in Oklahoma City, Oklahoma (the "VA") from October 2019 through the time she was removed from her position on November 6, 2020. Compl. [Doc. No. 1] ¶¶ 28-30, 81. Defendant Denis McDonough is named in his official capacity as the Secretary for the United States Department of Veterans Affairs. *Id*. ¶ 3. Plaintiff is an African American woman with physical and mental disabilities, including generalized anxiety disorder, panic, claustrophobia, hypertension, post-traumatic stress disorder ("PTSD"), conduction disorder of the heart, hypokalemia, major depression, chronic upper respiratory infections, and anemia. *Id*. ¶ 31.

Plaintiff's immediate supervisor at the VA was Assistant Chief of Fiscal Service Travis Scott ("Mr. Scott"). *Id*. ¶ 32. Plaintiff first alleges she experienced various issues involving Mr. Scott in relation to her efforts to work from home in March of 2020. *See id*. ¶¶ 36-57. According to the Complaint, Mr. Scott called Plaintiff multiple times during a doctor's appointment and told her "I don't believe you have COVID-19, you have a fever from allergies." *Id*. ¶ 36. Mr. Scott allegedly instructed Plaintiff to take her computer to work from home, but then called and accused her of stealing computer monitors and told

---

[2] The Court views the factual allegations of the Complaint in the light most favorable to Plaintiff as the non-moving party. *Straub v. BNSF Ry. Co*., 909 F.3d 1280, 1287 (10th Cir. 2018).

3

her she should study appropriations law. *Id*. ¶¶ 36, 39, 43. Plaintiff also alleges she began preparing a telework agreement and completed training and necessary documentation to work from home, yet Mr. Scott charged her sick leave and leave without pay for working from home. *Id*. ¶¶ 38-42. Plaintiff claims the VA denied numerous other leave requests throughout May and June of 2020 despite receiving proper documentation. *Id*. ¶¶ 53, 57, 65-67.

On March 31, 2020, Plaintiff initiated contact with an Equal Employment Opportunity ("EEO") investigator to file an informal EEO complaint. *Id*. ¶ 48. After that, Mr. Scott changed Plaintiff's assignment of duties but failed to provide necessary training and refused to fill out the supervisor portion of payroll paperwork for Plaintiff. *Id*. ¶ 49-50. Mr. Scott also verbally reprimanded Plaintiff for recording their phone conversations on her personal phone. *Id*. ¶ 51. Mr. Scott then issued a formal reprimand based on Plaintiff recording one of their conversations and allegedly sending the recording to several members of VA leadership in violation of agency policy. *Id*. ¶¶ 52-55.

On May 12, 2020, Plaintiff filed a formal EEO complaint and then submitted a Request for Accommodation seeking: (1) to work from home due to a high risk of contracting COVID-19; (2) to be moved from Fiscal Service due to the EEO Complaint she filed against Mr. Scott and others. *Id*. ¶¶ 59-61. Three days later, Mr. Scott allegedly called Plaintiff on her personal cell phone and stated: "y'all always trying to get away with something for nothing, you are not going to win; monkey go home." *Id*. ¶ 62. Plaintiff alleges she reported Mr. Scott's comment calling her a "monkey" to an EEO Counselor, but the EEO Counselor and Mr. Scott laughed about the comment. *Id*. ¶ 63. After that,

Plaintiff asserts the VA "falsified" her accommodation request by removing the portion seeking assignment to a new supervisor. *Id.* ¶ 71.

In August of 2020, Mr. Scott denied another request for telework, even though Plaintiff submitted necessary medical documentation in May of 2020 and the VA's Associate Director of Patient Care Services, Kerri Craft ("Ms. Craft"), previously approved Plaintiff for telework in June 2020. *Id.* ¶¶ 65, 68, 72. After that denial, Ms. Craft signed a new form approving Plaintiff for telework based on her risk for COVID-19, but Mr. Scott stated he could not certify Plaintiff for telework unless she signed and returned the form by the end of the day. *Id.* ¶¶ 73-74. Plaintiff alleges VA policy does not require employees to sign and return this particular form, and only Plaintiff was required to do so. *Id.* ¶ 75.

Plaintiff also alleges the VA failed to promote her to various career opportunities during her employment. *See id.* ¶¶ 92, 114. Specifically, Plaintiff alleges VA Human Resources failed to process her application for a position in Public Affairs in January 2020, and the VA hired a younger white male instead. *Id.* ¶¶ 34-35. Next, in June of 2020, Human Resources allegedly failed again to process Plaintiff's application for a position in public affairs, and the VA hired a younger white male. *Id.* ¶¶ 69-70.

On September 17, 2020, Associate Director Paul Gregory in Plaintiff's office issued Plaintiff a notice of proposed removal based on charges of failure to follow instructions, absence without leave, lack of candor, and conduct unbecoming of a federal employee. *Id.* ¶ 76. The proposed removal was temporarily placed on hold while the VA investigated whether Plaintiff had filed a whistleblower complaint, but the Office of Accountability and Whistleblower Protection issued a release and cleared the VA to proceed with removal. *Id.*

¶¶ 78-79. After that, the Director of VA Health Care System in Oklahoma City issued a decision sustaining the removal charges, and Plaintiff was removed from federal service on November 6, 2020. *Id*. ¶ 80-81.

## IV.    Discussion

Defendant's Motion argues Plaintiff fails to state a claim for racial discrimination under Federal Rule of Civil Procedure 12(b)(6). Mot. [Doc. No. 12-1] at 13. To state a prima facie case of racial discrimination, Plaintiff must show: (1) she "belongs to a protected class"; (2) she "suffered an adverse employment action"; and (3) "the challenged action took place under circumstances giving rise to an inference of discrimination." *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007); *see also Ibrahim v. All. for Sustainable Energy, LLC*, 994 F.3d 1193, 1196 (10th Cir. 2021). "Although the articulation of the plaintiff's prima facie test might vary somewhat depending on the context of the claim, [t]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 969–70 (10th Cir. 2017) (internal quotation marks and citation omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).[3]

---

[3] The parties do not raise any issue as to whether the Court should primarily consider Tenth Circuit case law or case law from the D.C. Circuit from which the case was transferred. In the context of

Here, Defendant's Motion solely challenges the requirement for Plaintiff to adequately allege adverse employment action. *See* Mot. [Doc. No. 12-1] at 15-19. "The Tenth Circuit liberally defines the phrase adverse employment action[,]" and it does not limit such actions to monetary losses. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998) (internal quotation marks and citations omitted). Rather, the Tenth Circuit "takes a case-by-case approach, examining the unique factors relevant to the situation at hand." *Id.* at 532 (internal quotation marks and citation omitted). "Conduct rises to the level of adverse employment action when it constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1217 (10th Cir. 2003) (internal quotation marks and citation omitted). An adverse employment action also includes those acts that carry a "significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects." *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032 (10th Cir. 2004) (internal quotation marks and citation omitted).

Here, Defendant concedes that the removal of Plaintiff from her job "qualifies as an

---

transferred cases solely involving issues of federal law, courts generally rely on decisions from their own Circuit as opposed to those of the transferor Circuit, although the Court may consider decisions from other Circuits. *See* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3846 (4th ed.) ("The transferee court applies its own interpretation of federal law. In making that interpretation, it may of course consider case law from the other circuit, but owes it no obeisance."); *accord Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) ("A transferee court is not required to apply the law of the transferor court when, as here, the transferee court interprets federal law."); *AER Advisors, Inc. v. Fidelity Brokerage Servs., LLC*, 921 F.3d 282, 289-90 (1st Cir. 2019); *Hartline v. Sheet Metal Workers' Nat. Pension Fund*, 286 F.3d 598, 599 (D.C. Cir. 2002); *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 91 (2d Cir. 2006), *judgment aff'd*, 552 U.S. 440 (2008).

7

adverse employment action for the purpose of stating a claim for discrimination under Title VII." Mot. [Doc. No. 12-1] at 15. The only present disagreement between the parties centers on whether additional factual allegations in the Complaint independently constitute adverse employment action: namely denial of telework, refusal to transfer Plaintiff to a new supervisor, failure to provide training, and issuance of reprimands. *Compare* Mot. [Doc. No. 12-1] at 16-19; *with* Resp. [Doc. No. 24] at 6-8. However, because Defendant acknowledges removal of Plaintiff from her position qualifies as an adverse employment action, Defendant has conceded Plaintiff's racial discrimination claim would survive even if the Court found none of these additional allegations constitute adverse actions.

  The Court declines to consider whether each of those additional allegations constitute adverse action at the motion to dismiss stage because the result would be the same regardless. *See In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, No. 1:19-CV-03379 (BAH), 2020 WL 5016922, at *12 (D.D.C. Aug. 25, 2020) ("The issue on a motion to dismiss is whether plaintiffs have adequately pled a facially plausible *legal* claim, not whether discrete *factual* allegations that support a claim are individually admissible, provable, or otherwise adequate to support the damages claimed." (emphasis in original)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007) ("courts must consider the complaint in its entirety" and consider "all of the facts alleged, taken collectively," not just "any individual allegation, scrutinized in isolation" (emphasis omitted)).

  Additionally, reading the Complaint in the light most favorable to Plaintiff, the Court finds she has stated a plausible claim for racial discrimination at this juncture.

8

Plaintiff specifically alleges her supervisor called her a "monkey" and stated "y'all always trying to get away with something for nothing" after he improperly charged her leave when she worked from home and before he wrongfully denied her additional telework request. Compl. [Doc. No. 1] ¶¶ 39, 42, 57, 62-63, 72.  Plaintiff also alleges her supervisor accused her of stealing government property (despite previously instructing her to take her computer home), and that he treated her differently than other employees with respect to the procedure for completion of her telework accommodation request in August of 2020. *See id*. ¶¶ 36, 39, 43, 73-75.  Plaintiff further claims the VA failed on two separate occasions to consider her for a position in Public Affairs and hired a younger white male instead.  *Id*. ¶¶ 34-35, 69-70.

Read as a whole, Plaintiff's allegations are sufficient to state a claim for racial discrimination at the motion to dismiss stage.  *Cf. Bowie v. Automax Used Cars, LLC*, No. CIV-21-393-D, 2021 WL 5065852, at *3 (W.D. Okla. Nov. 1, 2021) (finding "sufficient factual allegations to state a plausible race discrimination claim" where the plaintiff was an African American man who alleged he was paid less than white employees and called "boy" by other employees.); *see also Franklin v. Oklahoma ex rel. Okla. Dep't of Consumer Credit*, No. CIV-16-1103-D, 2017 WL 2259620, at *1, *3 (W.D. Okla. May 19, 2017) (finding "sufficient factual allegations, although barely, to state a plausible race discrimination claim" where the plaintiff was a Native American woman who alleged her director used racial slurs regarding Native American employees and treated non-Native American employees more favorably).

9

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 12-1] is DENIED.

IT IS SO ORDERED this 18th day of July, 2023.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE