IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LA'MEIA SOLOMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CIV-22-359-SLP |
| ) | |
| DOUGLAS A. COLLINS, Secretary, ) | |
| U.S. Department of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff La'meia Solomon's Motion to Stay Enforcement of Costs Pending Appeal [Doc. No. 106] and Motion to Review Taxation of Costs [Doc. No. 107]. The Motions have been full briefed and are ripe for review.  For the reasons set forth below, the Court finds that the Motions are DENIED.

Plaintiff filed an employment discrimination action in January of 2022, alleging that employees of the United States Department of Veterans Affairs discriminated against her on the basis of her race and disabilities. The Court granted summary judgment to the Defendant on Plaintiff's claims.  *See* Order [Doc. No. 71]; Judgment [Doc. No. 72].  After judgment was entered, Defendant submitted a Bill of Costs [Doc. No. 73] and Brief in Support [Doc. No. 74].  Upon review, the Clerk of Cout taxed costs against Plaintiff in the amount of $4,936.15.  *See* Taxation of Costs [Doc. No. 105].  Plaintiff, now appearing pro se[1], brings the two Motions at issue.

---

[1] Plaintiff's counsel has withdrawn since the Court's entry of Judgment.  *See* [Doc. Nos. 91-92].

First, Plaintiff requests a stay, pursuant to Fed. R. Civ. P. 62, of execution on the award of costs pending the outcome of her appeal of the District Court's entry of Judgment in favor of the Defendant. [Doc. No. 106] at 1.  Rule 62(b) states, in relevant part, that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. 62(b).  The determination of whether a stay is warranted is within the discretion of the Court.  *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). The Court is permitted to modify and/or waive the bond requirement; however such relief is warranted only in unusual circumstances.  *See Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873-74 (10th Cir. 1986); *see also Serpik-Family v. Webb*, No. CIV-25-2-R, 2025 WL 2466985 at *3 (W.D. Okla. Aug. 26, 2025) (citing the same). While Plaintiff's Motion focuses on the factors for staying injunctive relief pending appeal, *see*, *e.g.*, *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016), Plaintiff primarily argues that she would face substantial hardship if she were required to post a bond in the full amount of the award.  *See* [Doc. No. 106] at 3; [Doc. No. 110] at 3-4.  Plaintiff cites to no authority for the proposition that her financial condition supports reducing or waiving the bond requirement.  The Court finds that the Plaintiff's financial condition does not warrant staying the enforcement of the award of costs pending appeal without the posting of a supersedeas bond. *See Miller v. Kastelic*, No. 12-cv-02677-CMA-MEH, 2015 WL 506953 at *2 (D. Colo. Feb. 5, 2015 (Denying request for stay without prejudice where non-moving party argued he was indigent and did not post supersedeas bond). Furthermore, it is in "the interests of judicial economy" to deny the stay as "with prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits."

2

*Serpik-Family*, 2025 WL 2466985 at *3 (citations omitted).[2] Accordingly, the Court finds that a stay is not warranted unless Plaintiff posts a bond or other security in the full amount of $ 4,936.15.

Plaintiff, pursuant to Fed. R. Civ. P. 54(d), also asks that the Court review the Clerk of Court's Taxation of Costs [Doc. No. 105] and decrease, or deny outright, the award of costs. Plaintiff primarily raises two arguments: (1) some depositions and corresponding materials were not "necessarily obtained for use in the case" under 28 U.S.C. § 1920, and (2) Plaintiff's limited financial resources, her disabilities, and the potential "chilling effect" the award of costs would have on future litigants pursuing civil rights actions support denying the award of costs. *See* [Doc. No. 107] at 4-5, 6-7. "Whether to award costs to a prevailing party is within the Court's discretion, but Rule 54(d) nonetheless 'creates a presumption that the district court will award the prevailing party costs.'" *Norwood v. McCampbell*, No. 19-00226-JD, 2023 WL 4364892 at *1 (July 6, 2023) (citing *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Once the prevailing party has met its "burden of establishing the costs to which it is entitled" the non-prevailing party must then present evidence "to overcome the presumption that these costs will be taxed." *Cohlmia v. St. John Medical Center*, 693 F.3d 1269, 1288 (10th Cir. 2012) (citations omitted).

---

[2] Plaintiff argues that a stay would promote judicial economy as it would prevent "collection activity, potential liens, or other enforcement steps that may need to be undone or revisited if Plaintiff obtains relief on appeal." [Doc. No. 110] at 4. This argument fails to address the posting of a bond, which would prevent such enforcement actions from occurring.

3

Without citing any authority, Plaintiff states that the video depositions and deposition transcripts were duplicative, as well as that the second deposition of Plaintiff and the deposition of Ms. Twyla Johnson were not necessary. [Doc. No. 107] at 3-5. Because the materials at issue were not incorporated into Defendant's Motion for Summary Judgment, Plaintiff posits that they were not necessarily obtained for use in the case under § 1920. *Id*. The Tenth Circuit has repeatedly rejected such a narrow construction. *See In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) ("[a]ll § 1920 requires is that the generation of taxable materials be 'reasonably necessary for use in' the case 'at the time the expenses were incurred.'") (quoting *Callicrate*, 139 F.3d at 1340); *Merrick v. Northern Natural Gas Company*, 911 F.2d 426, 424 (10th Cir. 1990) (a "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than [§ 1920]) (citing *Hernandez v. George*, 793 F.2d 264, 268-69 (10th Cir. 1986)). While some of Defendant's expenses were not incurred in order for the materials to be incorporated into his Motion for Summary Judgment, such expenses were likely "reasonably necessary for use" at the time such depositions occurred.³ For example, such expenses may have been necessary for trial preparation in the event that Defendant's Motion for Summary Judgment was denied and

---

³ The Court also agrees with the Clerk of Court that a party is entitled to recovery of both the cost of a videotaped deposition and corresponding transcript. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997) (interpreting prior version of § 1920(2)); *see also Higgins v. Potter*, No. 08-2646-JWL, 2011 WL 3667097 at *3 (D. Kan. Aug. 22, 2011) (concluding Tenth Circuit, when faced with amended version of § 1920(2), would interpret amendment in similar manner as the *Tilton* court).

4

the case proceeded to trial. The deposition testimony outside of the excerpts used in Defendant's Motion for Summary Judgment may have been necessary for potential impeachment of witnesses or the admissibility of evidence. Plaintiff's arguments fail to address the necessity of the expenses outside of the context of Defendant's Motion for Summary Judgment. As such, the Court finds that the costs at issue were "necessarily obtained for use in the case" under 28 U.S.C. § 1920.

Plaintiff's arguments regarding financial hardship and the "chilling effect" on similar civil rights litigants have been rejected by the Tenth Circuit and courts within this judicial district. *Johnson v. Oklahoma ex rel. Univ. of Okla. Bd. of Regents*, Nos. 99-6322, 99-6427, 2000 WL 1114194 at *3 (10th Cir. Aug. 7, 2000) (unpublished); *Norwood*, 2023 WL 4364892 at *2; *Whitley v. Indep. Sch. Dist. No. 10 of Dewey Cnty., Oklahoma*, No. CIV-18-331-SLP, 2019 WL 7669147 at *2 (W.D. Okla. Nov. 7, 2019); *Tilghman v. Kirby*, No. CV-13-73-D, 2016 WL 11473558 at *1 (W.D. Okla. June 21, 2016), adopted by 2016 WL 6996200, at *1-2 (W.D. Okla. Nov. 30, 2016). While the financial status of the non-prevailing party is certainly a factor, such a factor is not dispositive. As the Tenth Circuit in *Johnson* noted:

> [t]he plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

*Johnson*, 2000 WL 1114194 at *3 (quoting *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 228 (4th Cir. 1999)). Furthermore, Plaintiff has brought forth no persuasive reason why

the Defendant, as the prevailing party, should be penalized and denied the award of costs.[4] *See Rodriguez,* 360 F.3d at 1190 (10th Cir. 2004) ("[T]he denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'") (citing *Klein v. Grynberg*, 44F.3d 1497, 1507 (10th Cir. 1995)).  Plaintiff's conclusory arguments, without any supporting authority, do not give the Court reason to decrease or deny the Defendant his award of costs.  Accordingly, Plaintiff has not met the steep burden of overcoming the presumption of awarding costs to the Defendant.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Enforcement of Costs Pending Appeal [Doc. No. 106] and Motion to Review Taxation of Costs [Doc. No. 107] are DENIED.  The Taxation of Costs [Doc. No. 105] entered by the Clerk of Court is ADOPTED in its entirety.

IT IS SO ORDERED this 10th day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff states "that Defendant submitted incomplete and irregular evidence in support of summary judgment." [Doc. No. 107] at 5.  The Court finds that Plaintiff's complaints as to the sufficiency of the evidence presented to the Court in Defendant's Motion for Summary Judgment [Doc. No. 54] do not materially affect its analysis of this pending Motion. The argument does not address the need of the incurred expenses at issue and rather focuses how some of the materials were presented in the Motion for Summary Judgment.